U.S. DISTRICT
EASTERN DISTRICT

OCT 2 0 2011

DAVID J. MALAND, CLERK
BY
DEPUTY

NO. <u>5:11-CV- '80-DF</u>

| | | |
|---|---|---|
| **BASIL A. RASHEED** | § | **IN THE UNITED STATES DISTRICT** |
| | § | **COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **EASTERN  DISTRICT** |
| | § | |
| **CHURCH & DWIGHT CO INC, AS** | § | |
| **OF CHURCH & DWIGHT CO INC** | § | |
| **Defendant.** | § | **OF BOWIE COUNTY, TEXAS** |

<u>**Amended Complaint**</u>

<u>**AND**</u>

<u>**Jury Demand**</u>

Comes now. Plaintiff, Basil A. Rasheed. ProSe. Defendants' Church and Dwight Co. Inc., respectfully avers as follow:

<u>**Introduction Statement**</u>

1.  This cause is due to defective product and personal injury. In light of several correspondence and returns from Consumer Relation Representative, Carolyn Rielly and Senior Consumer Relation Representative Mary Davidson: Claim No.004131324 J. Church and Dwight Co. Inc., 469 North Harrison Street, Princeton, NJ 08543-5397.

    June 12, 2009, Mart Davidson, Senior Consumer Relation Representative, 00413124E. "Given individual sensitivities, it is difficult to determine what may cause a reaction in one person and not in another." Incorporating communication, January 19, 2011, Mary Davidson, Senior Consumer Relation Representative, 004131324J. "The information you previously provided indicated you had and allergic reaction to something your skin touched.

*1*

### Defendant Church and Dwight Co., Inc.'s Answer:

Affirmative Defenses:   ..."Plaint is not entitled to the requested relief under the doctrines of waiver, release, consent, estoppel, and unclean hands."

Address: unclean hands: Plaintiff has no knowledge of the millionaires' nor billionaires' childhood.  Distinguishes the middle class and poor childhoods'!  Inclusively, we ate dirt, grass, rock, paper, soap and only God knows grandly!  Defendants: Church and Dwight Co. Inc., essential estimate Plaintiff's estimate at age (64) sixty-four the times' urinated wherever with unclean hands!  As most males wash their hands' after urinating and not at all at various times'.  Such as in travel and places in distress.

Highlights Plaintiff's complaint of "chemical reaction," due to Trojan brand latex condoms Climax control lubricant.  "If used properly, latex condoms' will help to reduce the risk of transmission of (HIV) infection (AIDS) and many other sexually transmitted diseases'.  Also highly effective against pregnancy.  This product contains natural rubber latex which may cause allergic reaction.

Defendants: Church and Dwight Co. Inc.-product Trojan premium latex lubrication premium lubricant condoms'.  The product was purchased at Wal-Mart Super Center, 4000 New Boston Rd. Texarkana, Texas.  Occupancy on or about February 8, 1995.

Plaintiff's knowledge of condom.  Trojan dates back to the sales of the product and its' usage from machines.  Two (2) in the cellophane package for fifty cent.  Violations of personal injury product liability (365), 28 U.S.C. and 1332…Chemical infection!  Usage of Church and Dwight Co. Inc., lubricated condom!

### II. Jurisdiction

2.  Jurisdiction of this court arises under (365). 28 U.S.C. and 1332.
3.  Venue in this District is proper in that the Plaintiff resides in the Bowie County which is located in this District.

### III. Parties

4. Plaintiff, Basil A. Rasheed is an adult original person in residing in Texarkana, Texas. At all times material and relevant here to.  Plaintiff is a "Consumer" as defined (365), 28 U.S.C. and 1332.

5. Defendant, client service incorporated ("Defendant"), at all times relevant here to, is and was a corporation engaged in business within the state of Texas, this principal place of sales of defendants product. "Trojan brand name," Latex condom climax control premium lubricant place of business is, Wal-Mar Supercenter located at 4000 New Boston Rd. Texarkana, Texas.

6. Defendant, client Church and Dwight Co. Inc., principal place of business located at 469 North Harrison Street, Princeton, NJ 08543-5297.

### IV.Factual Allegations

7. On or about the date April 4, 2009, Plaintiff went to Wadley Regional Medical Center, 1000 Pine Street, Texarkana, Texas 75501.  In regards to the premium lubricant condom. Defendants Trojan Condom lubricant chemicals caused.

8. On that last document dated January 19, 2011 communicated Defendants Mary Davidson Senior Consumer Relation representative "004131324" We consider this investigation closed unless you have any additional information that can be verified to submit for our Consideration.

9. Plaintiff's Affidavit Notice of intent has been mailed to Church & Dwight Co, Inc. 469 North Harrison Street. Priceston N.J.085435297. Green returned card.

10. Irritation, infection, while using "Trojan Premium latex Condom, Premium Lubricant". Plaintiffs use for some forty-six years. Having been a general Contractor and use of gloves and paint made of latex. Year after year, why this one incident? Dr. Robert Fry; Reaction Jermatitis. This allergy to something in Contact and Chemicals are Common Causes. Typically on the reaction is Severe, blisters may develop.

11. Fact severe blisters did develop, from head to feet Chemicals cooked Penis and testes. Photos and Medical records request will be authorized by Plaintiff.

12. Plaintiff has on going treatment to date.

13. I did not have nor have health insurance and no aid from defendants' place of treatment. Wadley Regional Medical Center, 1000 Pine Street, Texarkana, Texas 75501. Veteran affairs clinic, 910 Realtor Ave.

3

Texarkana, Arkansas. Overton Brooks VA Medical Center. 510 E. Stoner Ave, Shreveport, LA 71101

14. This affected my quality of life. Pain at time was intolerable. Suffering intorable, emotional stress, and mental anguish. Prominent disfiguring. The pain is to the bone.

15. Fact being "Defendants" product Trojan Condoms. Were sold frequent where men visit. This being bus stations, hotels, motels, in men restroom.

16. The demand of My Constitutional right to the 7th Amendment (trial by jury in civil cases) And is preserved by Fed. R. Civil P.38. The 14th Amendment. ( citizenship- due process of law-Equal Protection)Ect.all

17. In this cause of action Defendant's product, Trojan Condoms is a health, People and Citizens Issue. Negligence. Etc., Contributory.

### V.Conclusion

Wherefore, Plaintiff respectfully prays that Judgment be entered against the Defendant, Church & Dwight. Co Inc. for the following relief:

A. Compensatory damages, $ 777,000.00

B. Exemplary and punitive damages, $ 777,000.00

C. Interest and tax paid by defendants.

D. Past, Current and future medical expense.

E. Plaintiff expert witness and witness be paid their days wages by defendants and travel pay.

F. Defendant pays all court costs and expenses.

G. Defendant pays attorneys Fee should one be obtain.

H. For any all additional relief the Court deem just fair and proper.

I. The plaintiff demands a trial by jury sublime.

### VI.JURY DEMAND

Plaintiff hereby demands a jury trial to all issues herein

Respectfully Submitted,

By: _Basil K Rasheed_

4

4. The last three digits of the driver's license number of Basil A. Rasheed are 883. The last three digits of the social security number for Basil A. Rasheed are 594.

5. As used herein, Plaintiff shall include not only named Plaintiff, but also persons whose claims are being represented by a plaintiff.

6. Church & Dwight Co, Inc merchandise manufactures Trojan Lubricate Condom. May be served with the process at the following address 469 North Harrison Street, Princeton, NJ 08543-5297. Merchandise Manufacture has an office, place or place of business, or agency for transacting business in the State of Texas at the following address 4000 New Boston Road. Service of process pursuant to section 17.021of the Texas Civil Practice and Remedies Code may be effected by serving the following agent or clerk at said address a citation directed to said Defendant Merchandise Church & Dwight, Co Inc. has conducted business in the State of Texas. This action arises out of the business of said Defendant in this State. Defendant Merchandise Church & Dwight is not required by statute to designate or maintain a registered agent for services of process in the State of Texas. Service of process pursuant to Section 17.043 of the Texas Civil Practice and Remedies Code may therefore be effected by serving John D. Huh 165 Market Street, suite 4900 Philadelphia, Pennsylvania 1903-7300, who is the person in charge of the business of said Defendant, a citation **directed to said Defendant**, at the following address: Church & Dwight, Co Inc 469 North Harrison Street, Princeton, NJ 08543-5297 of Merchandise Manufacture and sales of Trojan Premium Lubricant Latex Climax Controlled Condom engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business done in this state and to which said Defendant is a party. Church & Dwight Co, Inc may be served with the process

by serving John D. Hu, DLA Piper, LLP, 1650 Market Street, Suite 4900, Philadelphia, PA 19103, Tel: 215-656-2450 F: 215-606-2150, Attorney for Defendants Church & Dwight Co, Inc. Wal-Mart Supercenter at 4000 New Boston Road, Texarkana, Texas 75501. Wal-Mart Supercenter Retail installment contract sales organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving James A Barronli Executive of the corporation Wal-Mart at 702 SW 8th street, Bentonville Arkansas, 7271. May be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the James A. Barronli of the corporation. Church & Dwight has failed to appoint or does not maintain a registered agent in Texas. Service may be effected upon Defendant Church & Dwight by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin Texas 78711-2079. Church & Dwight may be served by and through its attorney, John D Huh. Who has agreed to accept service at 1650 Market Street, Suite 4900 Philadelphia PA 19103 Tel: 215-656-2450 F: 215-602-2150. Said Defendant as described above can be effected by Certified Mail.

## JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. This court has jurisdiction over Defendant Church & Dwight Co Inc, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Church & Dwight Co Inc will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Plaintiff would show that Defendant Church & Dwight had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

10. Plaintiff would show that the Defendant Church & Dwight had a continuous and systematic contact with the state of Texas sufficient to establish general jurisdiction over said Defendant.

11. Plaintiff would also that the cause of the action arose from or relates to the contacts of Defendant Sales to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

12. Furthermore, Plaintiff would show that Defendant has engaged in activities constituting business in the state of Texas as provided by section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant merchandise.

13. The Eastern District of Texas

14. Venue in Bowie County is proper in this cause Personal injury Personal Liability 365 of the Texas Civil Practice and Remedies Code because the county of principal cause to action, Defendant herein has agreed in writing that suit may be brought in this county, Defendant herein, is domiciled in Princeton, NJ 08543-5297 action involves a contractual obligation in connection with a consumer transaction and Defendant herein, signed the contract in this county. Defendant herein, is product in said county at the time of the commencement of this action. Furthermore, because venue is proper with respect to Defendant, venue for this action with respect to all Defendant is proper under Diversity (indicate Citizenship of Parties of Parties in Item.

**FACTS**

*1*

15.     On or about April 3, 2009 Plaintiff while using Condom for the purpose and in the manner in which it was intended to be used, suddenly and without warning suffered a chemical injury. Injuring Basil A. Rasheed, as hereinafter described.

## LIABILTY OF CHURCH & DWIGHT

16.     While engaged in the sale of the condom, Defendant, Church & Dwight sold a certain premium lubricated Trojan condom and other like products, to consumers within the stream of commerce. Defendant, Church & Dwight intended and expected that the condom, so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

17.     Plaintiff purchased said Condoms from Wal-Mart for use as Advertise for the purpose of Sex Protection.

18.     Plaintiff, Basil A Rasheed, also allege that the product in question, namely the Premium Lubricated Trojan Condom was defective and unsafe for its intended purposes at the time it left the control of and at the time it was sold in that it failed in its design to prevent personal injury. Due to the unsafe operation of, but not limited to, uses, the product was defectively designed and unreasonably dangerous in that act.

19.     Plaintiff therefore invoke the doctrine of strict liability in Section 365, Personal injury. Product liability In the United States District Court for The Eastern District of Texas this connection, Plaintiff would show the court that the defect in design was a producing cause of the injuries and damages set forth below.

20.     Defendant, Church & Dwight, is liable for harm caused to Plaintiff, Basil A. Rasheed, because:

A. Church & Dwight participated in the design of the product.

B.   Church & Dwight altered or modified the condom and Plaintiff harm resulted that alternation or modification.

C.   Church & Dwight installed the stack, or had the stack installed, on another product and the Plaintiff harm resulted from the chemical lubricant installation onto the assembled product.

D. Church & Dwight exercised substantial control over the content of the warning or instruction that accompanied the condom; the warning or instruction was inadequate; and the Plaintiff harm resulted from the inadequacy of the warning or instruction.

E. Church & Dwight made an express factual representation about an aspect of the product; the representation was incorrect; the Plaintiff relied on the representation in obtaining or using the condom; and if the aspect of the Product had been as represented, the Plaintiff would not have been harmed by the use or would not have suffered the same degree of harm.

F.   Church & Dwight actually knew of a defect to the product at the time Church & Dwight supplied the condom; and the Plaintiff harm resulted from the defect.


21.     Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Church & Dwight in one or more of the following respects, or by combination thereof:

A. Failing to have warning attached thereto for the purchase of safety whenever the purchaser used product

B. Failing to have sound, efficient and sufficient warning to support said product

C. Failure of the warning or other systems of said usage and its attendant equipment

D. Failing to inspect said Condom and its attendant equipment

E. Failing to properly maintain said product and its attendant equipment

F. Failing to properly warn Plaintiff about the condition of said lubricant and its attendant equipment

G. Negligently inviting, enticing and/or directing Plaintiff into said usage

H. the America's number one Condom Trojan ENZ Classic design with a reservoir tip Premium lubricant Cooked my testicle black . Swelling occurred and a skin break out black spots and scales from head to toes.

22. Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence attributable to Dwight & Church in one or more of the following respects, or by a combination thereof:

A. Failing to use due care in the manufacture of the condom

B. Failing to use due care in the design of the condom

C. Failing to use proper materials reasonably suited to the manufacture or design of the lubricant or the component parts thereof

D. Failing to use due care to test and or inspect the lubricant or the component parts thereof to determine its durability and function ability for the purpose for which it was intended

E. The pain agonies, mental anguish, stress deterioration of skin and swelling discoloration of penis and testicles.

23. Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result

of the negligence of Dwight & Church in one or more of the following respects, or by a combination thereof:

F. Failing to inspect the lubricant, its component parts and or attendant equipment for functional defects, specifically including but not limited to the plaintiff

G. Failing to use due care to service the warning so as permit its safe operation, specifically including but not limited to the safe operation of the condom when used for the purpose and in the manner intended

H. Failing to warn Plaintiff and the defendants for whom it serviced the product for its disrepair and dangerous condition

I. Years have passed since the chemical infection and it appears to be on going to no end.

24. Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Dwight & Church in one or more of the following respects, or by a combination thereof:

J. Failing to design the lubricant to prevent injury due to a malfunction

K. Failing to design the condom without a guard or shield on it as would have been done by a reasonable and prudent manufacturer under the same or similar circumstances

L. Failing to place the product on the market with a warning to the users of the device that the lubricant might injury due to malfunction

M. The contents within chemical lubricant that caused the injury is unknown by Plaintiff

All which Defendant knew or, in the exercise of ordinary care, should have known.

25. In addition, Defendant expressly and impliedly warranted to the public generally, that the condom was of merchantable quality and was safe and fit for the purpose intended when used

under ordinary and in an ordinary manner. Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

26. Plaintiff cannot more specifically allege the act of negligent design on the part of Defendant, aside from Dwight & Church failure to design the Condom in question in a manner which would have prevented injury, for the reason that facts in that regard are peculiarly within the knowledge of the defendant, and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligent design, Plaintiff relies on the doctrine of <u>Res Ipsa Loquitur.</u>

27. In this connection, Plaintiff will show the court that the design of the condom was within the exclusive control of Defendant, Plaintiff had no means of ascertaining the method or manner in which the product was designed, and it was used by Plaintiff in the same condition it was in when it left control of Defendant.

28. The occurrence causing harm to Plaintiff, as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Defendant. Thus Dwight & Church was negligent in the design of the chemical lubricant, which negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

29. At all times material hereto, all of the agents, servants, and/or employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties an in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of <u>Respondeat Superior.</u>

30. Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

## EXEMPLARY DAMAGES

31. Dwight & Church had a specific intent to cause substantial injury or harm to the Plaintiff.

32. Plaintiff would show that on the occasion in question defendant made certain representations to Plaintiff with the intention of including the Plaintiff to rely upon such representations when Defendant knew such representations were false. Plaintiff would show that Plaintiff relied upon such representations believing them to be true and suffered serve damages as a result.

33. Defendant acts or omissions described above, when viewed from the standpoint of Dwight & Church at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

34. Based on the facts stated herein, Plaintiff request exemplary damages be awarded to Plaintiff from Defendant.

## DAMAGES FOR BASIL A RASHEED

35. As a direct and proximate result of the occurrence made the basis of this lawsuit, Basil A Rasheed was caused to suffer injury.

36. As a direct and proximate result of the made the basis of this lawsuit, Basil A Rasheed was caused to suffer injuries and has incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for

such services in Bowie County, Texas.

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future

C. Physical pain and suffering in the past

D. Physical pain and suffering in the future

E. Loss of Parental Consortium in the past, including damages to the parent –child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love.

F. Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and or parental love.

G.

H. All relief: Remand as in Original Complaint as any other relief in court deem just and proper.


### PRAYER


**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Basil A. Rasheed, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages in the amount within the jurisdictional limits of the court;  together with prejudgment and post judgment interest at the maximum rate allowed by law,  costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*Basil A. Rasheed*

By: Basil A Rasheed
205 Brown Street
Texarkana, TX 75501
903-793-4564

## CERTIFICATE OF SERVICE

I certify that on *20th day Oct. 2011*, a true and correct copy of the Amended

Complaint was served by the United States postal service

John D. Huh (Pro Hac) DLA, Pioer LLP
1650 Market Street, Suite 4900
Philadelphia, Pa 19103

Tel: 215-656-2450

Fax: 215-606-2150

Attorney for Defendant

Church & Dwight Co. Inc.