**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| BASIL RASHEED, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 5:11-cv-80 |
| v. § | |
| § | |
| CHURCH & DWIGHT CO., INC., § | |
| § | |
| Defendant. § | |

**DEFENDANT CHURCH & DWIGHT CO., INC.'S
MOTION FOR SUMMARY JUDGMENT**

Comes now the Defendant, Church & Dwight Co., Inc. ("Church & Dwight"), by and through its undersigned attorneys, and files this motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

**I.  STATEMENTS OF ISSUES TO BE DECIDED BY THE COURT**

A. Whether Defendant, Church & Dwight, is entitled to summary judgment where Plaintiff, Basil Rasheed, has presented no evidence that Defendant was negligent.

B. Whether Defendant, Church & Dwight, is entitled to summary judgment where Plaintiff has presented no evidence of a breach of warranty.

C. Whether Defendant, Church & Dwight, is entitled to summary judgment where Plaintiff has presented no evidence supporting strict liability.

D. Whether Defendant, Church & Dwight, is entitled to summary judgment because Plaintiff's state claims for insufficient labeling and warnings are preempted by the U.S. Food and Drug Administration's regulation of condoms under 21 C.F.R. § 801.435.

E. Whether Defendant, Church & Dwight, is entitled to summary judgment regarding Plaintiff's alleged punitive damages because Plaintiff has neither pled nor presented evidence of fraud, malice, or gross negligence as required under Texas law.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On March 21, 2011, Plaintiff, Basil Rasheed, filed a complaint alleging "Irritation, infection [sic] while using Trojan-lubricated condom." Complaint ¶ 3.

2. Church & Dwight is a Delaware corporation with its principal place of business at 469 North Harrison Street, Princeton, New Jersey 08543.

3. Church & Dwight is a manufacturer, marketer, and distributor of male prophylactic products (condoms) in the United States, primarily through its Trojan brand.

4. On July 7, 2011, after a scheduling conference, United States Magistrate Caroline M. Craven issued a Scheduling Order which set the fact discovery deadline as November 4, 2011. Plaintiff took no depositions, made no requests for documents, and served no interrogatories during the designated discovery period.

5. The Scheduling Order set October 20, 2011 as the final date for exchanging expert reports. On October 20, 2011, Church & Dwight sent Plaintiff the Expert Witness Testimony Report for Howard I. Maibach, MD. Then, in response to Plaintiff's Amended Complaint, filed on October 20, 2011, Church & Dwight sent Plaintiff an Amended Expert Report for Howard I. Maibach, MD on November 3, 2011. (A copy of Dr. Maibach's Report is attached hereto as "Attachment 1.") As of December 2, 2011, Plaintiff has not provided Defendant with any expert reports.

6. The Scheduling Order set November 18, 2011 as the deadline for expert discovery. Plaintiff has made no attempt to depose or otherwise serve any discovery regarding Defendant's expert.

7. Plaintiff has proffered no evidence that he purchased a Trojan condom during the relevant period. Plaintiff has no receipt of purchase, no remaining condoms or foils from the alleged Trojan package of condoms that he purchased, nor any similarly allegedly defective Trojan condoms.

9. None of Plaintiff's treating physicians or expert witnesses have provided any testimony, statements or medical opinions/diagnosis indicating that Plaintiff's use of a latex condom during the relevant time period caused Plaintiff's injuries.

10. Plaintiff has failed to provide a calculation of his alleged damages.

### III. LEGAL STANDARD

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, e.g., Garrison v. City of Texarkana, Tex.*, 910 F. Supp. 1196, 1200 (E.D. Tex. 1995). Here, Church & Dwight bears the initial responsibility of identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, which demonstrate an absence of a genuine issue of material fact. *Id.* at 1200, *citing Topalian v. Ehrman,* 954 F.2d 1125 (5th Cir. 1992), *cert. denied,* 506 U.S. 825, 113 (1992). The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992); *Scott v. Pfizer Inc.*, 249 F.R.D. 248, 252-53 (E.D. Tex. 2008).

As the Supreme Court has noted, a movant for summary judgment need not support its motion with evidence negating the opponent's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see also Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.,* 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005). Instead, once the movant has established that the non-movant's case lacks evidence, the non-movant must demonstrate each element for every claim to which he will have the burden of proof at trial. *See Dunn v. State Farm Fire & Casualty Co.,* 927 F.2d 869, 872 (5th Cir.1991). In fact, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998); *see also Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 (1994). Furthermore, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

When identifying evidence to support their claim, non-movants may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth "specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas*, 136 F.3d at 455; *see also Webb v. Cardiothoracic Surgery Assocs. of North Texas, P.A.,* 139 F.3d 532, 536 (5th Cir. 1998). There is a genuine issue only if the evidence proffered by the non-movant is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255-56 (1986). Importantly, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak,* 953 F.2d at 915-16 & n. 7. Where, as is the

case here, a plaintiff cannot show a genuine issue of material fact regarding an essential element of his case, the Defendant is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 322.

## IV. ARGUMENT

Under Texas law, a plaintiff generally may bring a products liability action under three theories: (1) negligence; (2) breach of warranty; and (3) strict liability. *See, e.g., Dion v. Ford Motor Company,* 804 S.W.2d 302, 309 (Tex. App.—Eastland 1991, pet denied) (citing *Duncan v. Cessna Aircraft Company,* 665 S.W.2d 414, 423 (Tex. 1984)). Here, Plaintiff's Amended Complaint And Jury Demand ("Amended Complaint") contains a litany of scattered, incomplete, unsubstantiated, and, at times, incoherent claims against Church & Dwight. Accordingly, Church & Dwight maintains that the Plaintiff has yet to state a cognizable claim. Nonetheless, assuming *arguendo*, for purposes of this motion, that Plaintiff asserted claims for negligence, warranty, and strict liability, it is proper for this Court to dismiss them with prejudice because Plaintiff has failed, as a matter of law, to proffer any evidence necessary to survive summary judgment.

### A. Plaintiff has failed, as a matter of law, to proffer any evidence of causation sufficient to sustain a negligence, warranty, or strict liability claim under Texas law.

Plaintiff has not, and cannot, establish causation under any legal theory potentially asserted in his Amended Complaint. Under Texas law, claims for negligence, breach or warranty, and strict liability require proof of causation. *Robinson v. Proctor & Gamble Distrib. Co.*, CIV.A.3:02CV2012-B, 2004 WL 3019092, at *2 (N.D. Tex. Dec. 30, 2004) (dismissing the plaintiff's claims of strict products liability, negligence, and breach of the implied warranty of merchantability because, without an expert, the plaintiff could not establish causation); s*ee also* Tex. Civ. Prac. & Rem. Code Ann. § 82.005(a)(2) (Vernon 1997 & Cir. 2004) (design defect);

*McLennan v. Am. Eurocopter Corp.,* 245 F.3d 403, 431 (5th Cir. 2001) (negligence); *Roventini v. Ocular Sciences, Inc.,* 111 S.W.3d 719, 723 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (breach of implied warranty of merchantability).

Here, Plaintiff cannot, as a matter of law, establish causation. As a preliminary matter, Plaintiff has not established that he ever used a Trojan condom, let alone one that caused his alleged injuries. Furthermore, Plaintiff has produced no evidence from an expert in the form of testimony or a report regarding causation. Because there is no evidence on record that supports Plaintiff's claim that he used a Trojan condom in 2009, or that, if he did, such use caused him injury, his claims for negligence, breach of warranty, and strict liability should be dismissed with prejudice under Rule 56.

### 1. **Plaintiff has not established that he used a Trojan condom.**

At the very minimum, in order to succeed under any theory of products liability, a plaintiff must establish that he or she used the product at issue. Here, Plaintiff has failed to establish that he ever used a Trojan condom. Plaintiff has not produced the allegedly defective product, nor has he produced its packaging. Plaintiff has not come forward with other Trojan condoms that may have been sold in the same box or even during the same time period as the allegedly defective condom. In fact, Plaintiff has not even produced a receipt documenting that he did, in fact, purchase a Trojan condom at any time. If Plaintiff cannot establish that he acquired and used a Trojan condom, his claims are fatally deficient as a matter of law and should be dismissed under Rule 56.

> **2. Plaintiff has failed to produce sufficient evidence to sustain a claim for negligence, breach of warranty, or strict liability under Texas law.**

### i. *Negligence*

In order to prevail in a negligence action, a plaintiff must establish, among other things, that the defendant's act or omission caused his alleged injury. As the Texas Court of Appeals noted, "[t]o support a jury's finding of causation, the plaintiff must prove both general and specific causation. In other words, a plaintiff must prove that the agent he or she alleges caused injury or illness 1) could do so in the general population, and 2) did so to him or her specifically." *Miles v. Ford Motor Co.*, 05-99-01258-CV, 2001 WL 727355 (Tex. App. June 29, 2001) (citing *Minnesota Min. & Mfg. Co. v. Atterbury*, 978 S.W.2d 183, 203 (Tex. App.—Texarkana 1998, pet. denied)). Here, Plaintiff has set forth no evidence suggesting that a latex condom could generally cause the injuries alleged, nor has Plaintiff proffered any evidence indicating that a Trojan condom caused specific injury to him. Therefore, as a matter of law, Plaintiff's negligence claim should be dismissed.

### ii. *Warranty*

Plaintiff's Amended Complaint does not specify what warranty Church & Dwight has breached. Nonetheless, and regardless of whatever warranty Plaintiff believes Church & Dwight breached, Plaintiff's warranty claims should be dismissed under Rule 56.

As an initial matter, in order to establish a claim for breach of warranty, either implied or express, a plaintiff must establish that the Defendant's breach was the proximate cause of the plaintiff's alleged injury. *See Helen of Troy, L.P. v. Zotos Corp*, 511 F. Supp. 2d 703, 724 (W.D. Tex. 2006) (holding that "to succeed in a breach of warranty claim, the plaintiff must establish

that the defect proximately caused the plaintiff to suffer injury"). In order to prove proximate causation, "the plaintiff must demonstrate 'but for' causation and foreseeability." *Id.* Because Plaintiff has not presented any evidence of proximate causation, his claims should be dismissed with prejudice under Rule 56.

### a. Express Warranty

In this case, Plaintiff has not specified which express warranties were breached nor has he produced any evidence of any express warranty made by the Defendant. In cases where the plaintiff has not produced the express warranty, a court must dismiss the plaintiff's express warranty claims. *See, e.g., Parish v. Werner Co.*, CIV.A. H-04-2372, 2006 WL 734418 (S.D. Tex. Mar. 20, 2006). Because Plaintiff has not set forth any specific express warranties, Defendant is entitled to summary judgment regarding any claims for breach of express warranty.

### b. Implied Warranty of Merchantability

Plaintiff has not established facts to support a claim for implied warranty of merchantability. In an implied warranty of merchantability case, the plaintiff has the burden of proving that the goods were defective at the time they left the manufacturer's or seller's possession. *Plas-Tex., Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 444 (Tex. 1989). Goods are considered to be defective when the condition of the goods is such that they are unfit for the ordinary purposes for which they are used. *See id.*; *see also* Tex. Bus. & Com. Code. § 2.314(b) (2009). Here, Plaintiff has presented no evidence that he used a condom manufactured by Church & Dwight which was either defective or unfit for the ordinary purpose for which they are normally used. Furthermore, Plaintiff has presented no evidence regarding the condition of the allegedly defective condom when it left Church & Dwight's possession. Therefore, Church &

Dwight is entitled to summary judgment with respect to any claims for breach of the implied warranty of merchantability.

### c. Warranty of Fitness for a Particular Purpose.

In order to establish a breach of the implied warranty of fitness for a particular purpose, a plaintiff must establish that: (1) the seller had reason to know any particular purpose for which the goods were required at the time of contracting, and (2) the buyer was relying on the seller's skill or judgment to select or furnish suitable goods. Tex. Bus. & Com.Code. § 2.315 (2009); *ASAI v. Vanco Insulation Abatement Inc.,* 932 S.W.2d 118, 121 (Tex. App.—El Paso, no writ) (affirming trial court's finding that buyer failed to establish elements of an implied warranty of fitness for a particular purpose). Here, Plaintiff has produced no evidence to establish the elements above and therefore has not created a material issue of fact with respect to the same. Accordingly, Church & Dwight is entitled to summary judgment with respect to any claim for breach of the implied warranty of fitness for a particular purpose.

### iii. *Strict Liability*

Plaintiff has not produced any evidence sufficient to support a claim for strict liability. Texas has adopted Section 402A of the Restatement (Second) of Torts. *Firsestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 379, 381-82 (Tex. 1995) (regarding marketing defect); *Lucas v. Texas Indus., Inc.,* 696 S.W.2d 372, 377-78 (Tex. 1984) (regarding manufacturing defect). As such, Texas law generally permits three grounds for strict liability: design defect, manufacturing defect, and marketing defect. *See Oser v. Wal–Mart Stores, Inc.,* 951 F. Supp. 115, 118 (S.D.Tex.1996) ("[t]he first prong of this test may be satisfied by evidence of a defect in the [product's] manufacture, design, or marketing") (citing *Lucas,* 696 S.W.2d at 377). Plaintiff's Amended Complaint does not specifically assert any theory of strict liability. Regardless,

Defendant is entitled to summary judgment under any theory of strict liability because Plaintiff has produced no evidence which raises a genuine issue of material fact.

### a. Design Defect

In a design defect lawsuit, the plaintiff bears the burden of proving four elements: (1) that the product was defective; (2) that the defective condition existed at the time the Defendant relinquished possession or control of the product; (3) that the defect rendered the product unreasonably dangerous for its intended and reasonably foreseeable uses; and (4) that the unreasonably dangerous condition of the product caused the injury. *See Rourke v. Garza,* 530 S.W.2d 794, 798 (Tex. 1975). In addition, "a claimant must establish, among other things, that the Defendant could have provided a safer alternative design." *Uniroyal Goodrich Tire Co. v. Martinez, ,* 977 S.W.2d 325, 355 (Tex. 1998). As a matter of law, a product is not unreasonably dangerous if there are no safer alternative designs. *Caterpillar, Inc. v. Shears,* 911 S.W.2d 379, 384 (Tex. 1995). In other words, a plaintiff may not recover without first proving a reasonably safer alternative design. *See id.* Here, Plaintiff has failed to provide any evidence to establish any of the elements listed above or the possibility of a safer alternative design. Therefore, Defendant is entitled to summary judgment with respect to any claim based upon a design defect.

### b. Manufacturing Defect

In Texas, "a Plaintiff has a manufacturing defect claim when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 434 (Tex. 1997). Additionally, a Plaintiff must establish that the defect existed at the time the product left the seller, and that the defect was the producing cause of the Plaintiff's injuries. *See Dico Tire,* 953

S.W.2d at 783 (citing *Pool,* 688 S.W.2d at 881; *Fitzgerald Marine Sales v. Leunes,* 659 S.W.2d 917, 918 (Tex. App.—Fort Worth 1983, writ dism'd)).

Here, the Plaintiff has shown no evidence, through experts or otherwise, to prove that the condom he allegedly used deviated from design specifications in a manner that rendered it unreasonably dangerous. Nor is there any evidence that the alleged condom was defective when it left Church & Dwight. Without such evidence, and without any facts indicating causation, Church & Dwight is entitled to summary judgment with respect to any claims based upon a manufacturing defect.

### c. Marketing Defect

Under Texas law, a marketing defect cause of action consists of five elements: (1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; (3) the product must possess a marketing defect; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury. *Sims v. Washex Mach. Corp.,* 932 S.W.2d 559, 561 (Tex. App.—Houston [1st Dist.] 1995, no writ). Plaintiff has not produced any evidence to satisfy his burden or create a factual issue; therefore, Defendant is entitled to summary judgment on any claim for a marketing defect.

### 3. **Plaintiff cannot establish causation without an expert witness.**

Even if Plaintiff could establish that he actually used a Trojan condom during the relevant time period, he cannot establish causation without an expert witness. In Texas, "expert testimony may be required" in a product liability case. *Driskill v. Ford Motor Co.,* 269 S.W.3d

199, 205 (Tex. 2008). When evaluating whether expert testimony is required courts consider, as a matter of law, "whether the theory argued [by Plaintiff] involves issues beyond the general experience and common understanding of laypersons." *Id.; see also Roark v. Allen,* 633 S.W.2d 804, 809 (Tex. 1982) (holding that expert testimony is necessary when the alleged negligence is not within the experience of the layman). Accordingly, injuries that are medically complicated require expert testimony on causation. *See, e.g., Burroughs v. Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex. 1995) (frostbite); *Smith v. Southwestern Bell. Tel. Co.,* 101 S.W.3d 698, 702 (Tex. App. 2003) (fibromyalgia); *Praytor v. Ford Motor Co.,* 97 S.W.3d 237, 241 (Tex. App. 2002) (sinusitis and asthma); *Robinson v. Proctor & Gamble Distrib.* Co., 2004 WL 3019092 (N.D. Tex. Dec. 30, 2004) (rosacea). Furthermore, where an expert witness has produced legally sufficient evidence in support of a motion for summary judgment, the opposing party must produce other expert testimony to controvert the claims and raise a genuine issue of fact. *Id.; see also Renfro v. Hartford Underwrites Ins. Co.*, 2007 WL 2446281, at *2 (N.D. Tex. 2007) (dismissing plaintiff's claims on summary judgment where expert testimony was required to prove causation and the plaintiff failed to designate an expert witness in accordance with the court's scheduling order).

Here, Church & Dwight's designated expert witness, Howard I. Maibach, MD, is the only expert on record to have produced a report on which this court can rely at the summary judgment stage. In his report, Dr. Maibach notes that, after reviewing the medical records and pleadings, "there is nothing in the medical records that links the Plaintiff's alleged injuries to the use of a latex condom." Maibach Report ¶ 9. Plaintiff offers no expert testimony to contradict Dr. Maibach's position. Rather, as support for this claim, Plaintiff filed what appears to be a report from the Wadley Regional Medical Center's Emergency Department ("Wadley Document").

This report contains no reference to latex condoms, let alone a specific Trojan condom. As further support, Plaintiff filed pictures of what appear to be feet ("Feet Pictures"). It is impossible to discern from these pictures whether they are of Plaintiff's feet, when they were taken, or what they demonstrate. Certainly, it is impossible to devise causation from them. Nonetheless, in preparing his report, Dr. Maibach reviewed both the Wadley Document and the Feet Pictures. After carefully reviewing the document and pictures, Dr. Maibach concluded that "that contact with a latex condom did not cause Plaintiff's alleged injuries." Maibach Report ¶10. Plaintiff has failed to proffer any evidence that contradicts Dr. Maibach's Report. Therefore, Plaintiff's claims should be dismissed with prejudice.

> **B. Plaintiff's state claims alleging insufficient labels and warnings are preempted by FDA regulation of condoms under 21 C.F.R. § 801.435.**

To the extent that Plaintiff alleges that Church & Dwight provided insufficient labels and warnings for their Trojan condoms, such claims are also preempted by the U.S. Food and Drug Administration's regulations with respect to condoms. As the Fifth Circuit has noted in *Moore v. Kimberly-Clark Corp.*, "[i]t is a well established principle that the Supremacy Clause invalidates state laws that interfere with, or are contrary to, federal law." 867 F.2d 243, 244 (5th Cir. 1989) (citing U.S. Const., art. VI, cl. 2). Accordingly, the Fifth Circuit has granted summary judgment for defendants where plaintiffs have asserted state claims preempted by federal regulation. *Id.* For example, in *Moore* the Fifth Circuit found that 21 C.F.R. §801.430 preempted state claims for inadequate labeling and warnings for tampons, which are Class II medical devices. *Id.; see also, Murphy v. Playtex Family Products Corp.* 69 Fed Appx. 140, 143 (4th Cir. 2003) (holding that 21 C.F.R. § 801.430 preempted state law claims and agreeing specifically with the Fifth Circuit's decision in *Moore* as to 21 C.F.R. § 801.430). In both *Moore* and *Murphy*, plaintiffs

alleged that they contracted toxic shock syndrome (TSS) after using tampons manufactured by the defendants. Because both courts found that federal regulators had clearly established warning and labeling requirements for tampons, defendants were entitled to summary judgment as to state law claims.

Here, Plaintiff has asserted claims like those dismissed in *Moore*. Similar to tampons, latex condoms are Class II medical devices regulated by the FDA. *See* 21 C.F.R. § 884.5300 (2011). Warnings and labels for latex condoms are regulated by 21 C.F.R. §801.435. As such, labels for condoms are regulated under the same rule subpart as tampons, 21 C.F.R. § 801, subpart H. Thus, latex condoms are regulated by the very same statute for device warnings that preempted the plaintiff's inadequate labeling and warning claims in *Moore*. 867 F.2d at 247; *see also* 21 C.F.R. § 801.430 (2011); 21 C.F.R. 801.435 (2011). Because the FDA specifically regulates labels and warnings for latex condoms through 21 C.F.R. §801.435, Plaintiff's claims for inadequate labeling and warning are preempted by federal law and should be dismissed with prejudice.

### C. **Plaintiff is not entitled to punitive damages because he does not assert fraud, malice, or gross negligence.**

In order to obtain punitive damages under Texas law, a Plaintiff must prove by clear and convincing evidence that the Defendant acted with fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code. § 41.003(a) (2011); *see also Idar v. Cooper Tire & Rubber Co.*, CIV.A.C-10-217, 2011 WL 2412613 (S.D. Tex. 2011) (granting summary judgment for Defendant where Plaintiffs did not establish malice or gross negligence). Plaintiff did not set forth any allegations of malice, fraud, or gross negligence in his Amended Complaint. Also, Plaintiff has subsequently presented no evidence to support a finding of malice, fraud or gross negligence on the part of Defendant. Because Plaintiff neither pled nor presented any evidence indicating

fraud, malice, or gross negligence, this Court should, as a matter of law, dismiss Plaintiff's claim for punitive damages with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendant Church & Dwight respectfully requests that the Court grant its motion for summary judgment, dismiss all Plaintiff's claims with prejudice, and enter judgment in favor of Defendant Church & Dwight as to all claims.

Dated: December 2, 2011.                    Respectfully submitted,

/s/ Eliot T. Burriss_____
Eliot T. Burriss
John D. Huh (*pro hac vice*)
**DLA Piper LLP**
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
United States
T: 214-743-4514
F: 972-813-6261

ATTORNEYS FOR DEFENDANT
CHURCH & DWIGHT CO., INC.

### CERTIFICATE OF SERVICE

I certify that on December 2, 2011, a true and correct copy of Defendant's Motion for Summary Judgment was served by overnight mail upon the following:

Basil A. Rasheed (pro se)
205 Brown Street
Texarkana, TX 75501

/s/ Eliot T. Burriss_____
Eliot T. Burriss