IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **BASIL A. RASHEED** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **No.  5:11CV80** |
| | § | |
| **CHURCH & DWIGHT CO., INC.** | § | |
| **Defendant** | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.  The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration.  After the Magistrate Judge entered her Report and Recommendation, recommending the pro se Plaintiff's case be dismissed with prejudice, Plaintiff filed the following motions: (1) Plaintiff's Request for Leave of Discovery Production of Documents (Docket Entry # 53); (2) Pleading for Leave of Expert Witness Tender (Docket Entry # 56); (3) Motion for Reparative Injunction Recommendation (Docket Entry # 57); (4) Plaintiff's Motion for Leave to File a Motion for Summary Judgment (Docket Entry # 58); (5) Plaintiff's Motion for Summary Judgment (Docket Entry # 59); and (6) Plaintiff's Motion for More Definite Statement (Docket Entry # 60).

The Court will consider any relevant arguments raised in the above motions and will treat any such arguments as objections pursuant to 28 U.S.C. § 636(b)(1)(C).  The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## FACTUAL BACKGROUND

On March 21, 2011, Basil Rasheed ("Plaintiff"), appearing pro se, filed a complaint against

Church & Dwight Co., Inc. ("Defendant"), alleging "[i]rritation, infection [sic] while using Trojan-lubricated condom." Complaint ¶ 3.  According to his amended complaint, on April 4, 2009, Plaintiff presented to Wadley Regional Medical Center after having a severe reaction to something contained in Defendant's Trojan premium lubricant condom.  *Id.* ¶¶ 7, 10.  Plaintiff alleges severe blisters developed from his head to his feet; the chemicals "cooked Penis and testes."  *Id.* ¶11. Plaintiff alleges this affected his quality of life; the pain was intolerable; he suffered prominent disfigurement; and he suffered emotional stress and mental anguish. *Id*. ¶14.  Plaintiff asserts product liability and negligence causes of action.  *Id*. ¶¶ 1, 17.  Plaintiff seeks compensatory and punitive damages.

## PROCEDURAL BACKGROUND

Defendant filed its motion for summary judgment on December 2, 2011.  That same day, Defendant filed a motion to strike Plaintiff's designated experts and to preclude Plaintiff's nurse experts from offering testimony or evidence regarding medical diagnosis (Docket Entry #32). Plaintiff failed to file responses within the time prescribed by the Local Rules.  Under Local Rule CV-7, a party has fourteen days in which to file a response to a motion.  *See* LOCAL RULE CV-6 (three days added to the prescribed period).  On December 20, 2011, the Court ordered Plaintiff to file a response to Defendant's motions within fourteen days.  Plaintiff was advised that failure to file responses within the time prescribed may result in the granting of Defendant's motions. Plaintiff failed to file a response as ordered by the Court.

## REPORT AND RECOMMENDATION

In her Report and Recommendation dated January 12, 2012, the Magistrate Judge assumed Plaintiff had properly plead claims for negligence, warranty, and strict liability.  The Magistrate Judge correctly noted that the applicable law in Texas is that claims for negligence, breach of

2

warranty, and strict liability require proof of causation. *Robinson v. Proctor & Gamble Distrib. Co.*, CIV.A.3:02CV2012-B, 2004 WL 3019092, at \*2 (N.D. Tex. Dec. 30, 2004) (dismissing the plaintiff's claims of strict products liability, negligence, and breach of the implied warranty of merchantability because, without an expert, the plaintiff could not establish causation); s*ee also* Tex. Civ. Prac. & Rem. Code Ann. § 82.005(a)(2) (Vernon 1997 & Cir. 2004) (design defect); *McLennan v. Am. Eurocopter Corp.,* 245 F.3d 403, 431 (5th Cir. 2001) (negligence); *Roventini v. Ocular Sciences, Inc.,* 111 S.W.3d 719, 723 (Tex. App.—Houston [1st Dist.] 2003, no pet.)(breach of implied warranty of merchantability). In over nine pages of discussion, the Magistrate Judge considered each of Plaintiff's possible claims and determined Plaintiff had failed to create a genuine issue of material fact as to causation as to each possible claim.  Therefore, the Magistrate Judge recommended Defendant's Motion for Summary Judgment be granted and that Plaintiff's above-entitled and numbered cause of action be dismissed with prejudice.

## PLAINTIFF'S OBJECTIONS

In his request for discovery, Plaintiff asserts Defendant has boxes of documents, but he has been discriminated against because of his pro se status and his race.  (Docket Entry # 53 at pg. 1). Plaintiff objects to the Court's cancelling of the scheduled mediation as futile. *Id*. at pg. 2. Plaintiff further requests the Court order Defendant's expert, Howard I. Maibach M.D., to examine Plaintiff. *Id.*

In his request for leave of expert witness tender, Plaintiff states that he suffered a permanent injury due to his use of one defective lubricated condom, cooking his penis and testicles and causing him "sexual activity adversity."  (Docket Entry # 56 at pg. 1).  In his pleading for reparative injunction recommendation, Plaintiff states he has over 7 pounds of medical and mental health

records.  (Docket Entry # 57 at pg. 2).    Specifically, Plaintiff states he has photographs of his injuries.  Plaintiff takes issue with the Court's denial of his request for discovery.  *Id*. at pg. 2. Plaintiff also states that he has had this bodily injury for almost three years and will have it for life. *Id.* at pg. 4.

In his motion for more definite statement, Plaintiff explains that he has had no problems in responding to pending motions, and he had a mental health issue that prevented him from properly responding to Defendant's motion for summary judgment. (Docket Entry # 60 at pg. 1). He states his "Motion for Default Judgment - Rule 55" (Docket Entry #48) was to serve as his response to Defendant's summary judgment motion.  *Id.* Plaintiff takes issue with the fact that Dr. Maibach did not perform an examination on Plaintiff.  *Id*. at pg. 2.  Plaintiff attached documents to this motion, two of which appear to be medical records.

The first document provides that Plaintiff complained of a chemical infection on January 19, 2012.  The document indicates Plaintiff was prescribed some sort of medication. The document is not signed and does not provide any indication as to where Plaintiff was treated.  The second document is an undated letter from the Department of Veterans Affairs.  According to Terri Bingham, RN, Plaintiff had a sensitivity to the lubricant that is causing him dermatitis.  Ms. Bingham further noted that latex allergy had not been entered on his file as an allergy.  Ms. Bingham recommended Plaintiff consider using condoms without lubrication.  She further stated that, to her knowledge, the ingredients used in condoms do not cause cancer.  Ms. Bingham further stated that it might be better for Plaintiff to be seen by a dermatologist as his issue was a dermatology one.

In his motion for leave to file a motion for summary judgment, Plaintiff states that Defendant's defective Trojan condom did cause him injuries, and "anyone with eyes can see and it

4

is ongoing to date. . . ." (Docket Entry # 58 at pg. 2).  Plaintiff requests any physician in Texarkana to review his injuries as they are to be seen in person.  *Id.*  Plaintiff further states that his medical records are substantial evidence creating a genuine issue of material fact.  *Id.*

## *DE NOVO* REVIEW

The Court first addresses the one-page "motion for default judgment - rule 55" filed by Plaintiff which Plaintiff argues was to serve as his response to Defendant's motion for summary judgment.  In this brief, Plaintiff alleges a conspiracy between Defendant, attorney Eliot T. Burriss, John D. Huh, and Dr. Maibach.  (Docket Entry #48 at pg. 1).  Plaintiff further asserted that default could be entered by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55.  Not only did Plaintiff fail to address the substantive arguments raised by Defendant in its motion for summary judgment, but Plaintiff also failed to attach any competent summary judgment evidence to this brief.

Regarding Plaintiff's previous and current requests for additional discovery, the Court notes that fact discovery has been closed in this matter since November 4, 2011.  According to Defendant, Plaintiff has failed to undertake any meaningful discovery.  As noted by the Magistrate Judge, Plaintiff took no depositions, made no requests for documents, and served no interrogatories during the designated discovery period. Plaintiff seems to be seeking his own medical records, records he claims to have and which he can obtain by requesting them from the medical facilities where he received treatment.  Although Plaintiff asserts he has over 7 pounds of medical records, Plaintiff has filed only a few arguable medical records with the Court.  Plaintiff has also failed to provide Defendant any expert reports.

The Court will not order Defendant's expert, Dr. Maibach, to perform a physical examination of Plaintiff.  The expert discovery deadline was November 18, 2011.  Importantly, according to

Defendant, Plaintiff has not made any attempts to depose or otherwise serve any discovery regarding Dr. Maibach.

Although Plaintiff has recently produced a couple of documents that refer to dermatitis, Plaintiff has set forth no evidence suggesting that a latex condom could generally cause the types of injuries alleged in the complaint, namely that Plaintiff's genitals are "cooked" and prominently disfigured.  Plaintiff has not produced any expert testimony or other reliable summary judgment evidence of general causation. Additionally, as noted by the Magistrate Judge, Plaintiff has not produced any evidence indicating that a Trojan condom caused specific injury to him.

Defendant's designated expert witness, Dr. Maibach, is the only expert on record to have produced a report addressing Plaintiff's claims. In his report, Dr. Maibach notes that, after reviewing the medical records and pleadings, "there is nothing in the medical records that links the Plaintiff's alleged injuries to the use of a latex condom." Maibach Report ¶ 9. According to Dr. Maibach, an individual can suffer six types of injuries/conditions from coming into contact with a latex condom: (1) irritant dermatitis syndrome; (2) photoirritation (phototoxicity); (3) allergic contact dermatitis; (4) photoallergic contact dermatitis; (5) contact urticaria syndrome; and (6) systemic toxicity from precutaneous penetration. *Id.* at ¶11.  Dr. Maibach found no evidence in the medical record to suggest the diagnosis of any of these conditions.  *Id.* at ¶12.

Plaintiff offers no expert testimony to contradict Dr. Maibach's position. Rather, as support for his claims, Plaintiff filed with his complaint what appears to be a report from the Wadley Regional Medical Center's Emergency Department ("Wadley Document"). This report contains no reference to latex condoms nor to a specific Trojan condom. As further support, Plaintiff filed pictures of what appear to be feet. However, as noted by the Magistrate Judge, it is impossible to

6

discern from these pictures whether they are of Plaintiff's feet, when they were taken, or what they demonstrate. In preparing his report, Dr. Maibach reviewed both the Wadley Document and the pictures submitted by Plaintiff. After reviewing the document and the pictures, Dr. Maibach concluded "that contact with a latex condom did not cause Plaintiff's alleged injuries." *Id*. at ¶10.

Even considering the most recent documents regarding dermatitis, Plaintiff has failed to proffer sufficient evidence to contradict Dr. Maibach's report. Plaintiff has not produced any evidence to create a genuine issue of material fact as to the necessary elements of negligence, warranty, and strict liability claims.

Plaintiff's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Docket Entry # 31) is **GRANTED.**  It is further

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**.

**SIGNED this 30th day of January, 2012.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE